**No.** 24-5856

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Robert Emert,

*Plaintiff-Appellant ,*

v.

ANDREA SCHUCK, et al.,

*Defendant-Appellee*

On Appeal from the United States District Court
for the Southern District of California
No. 3:24-cv-00002-AGS-AHG
Hon. Andrew G. Schopler

**FRAP 28(j) - LETTER TO THE NINTH CIRCUIT**

Robert Emert, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
760-612-9328
robemert@msn.com

Pursuant to *Federal Rule of Appellate Procedure 28(j)*, I write to bring the Court's attention to supplemental authorities demonstrating that Commissioner Ratekin's improper denial of my peremptory challenge created a *structural defect requiring complete relief*:

*People v. Superior Court (Lavi), 4 Cal.4th 1164 (1993) and Estate of Eskra, 51 Cal.3d 943 (1991)* establish that improper denial of a *CCP §170.6* challenge renders all subsequent orders void ab initio. Any reliance on the February 4, 2021, verbal stipulation is legally irrelevant under controlling precedent. As held in *Stephens v. Superior Court, 30 Cal.4th 1082 (2002)*, a peremptory challenge may be filed any time before substantive rulings. In *re Marriage of Goodarzirad, 185 Cal.App.3d 1020 (1986)* specifically holds that initial agreement to a commissioner's authority is nullified by subsequent proper challenge where no substantive proceedings occurred.

*California Rules of Court, rule 2.831(b)* mandates written stipulation and judicial signature for temporary judge status. *Rule 2.834(b)(3)* categorically prohibits commissioners from acting as temporary judges with self-represented litigants absent specific written requirements. These mandatory protections cannot be waived by verbal stipulation.

This jurisdictional defect infects all related cases. What began as a straightforward custody matter has expanded into multiple proceedings due to systematic denial of

basic due process - specifically, the right to an evidentiary hearing denied for over four years across multiple courts.

The law is unambiguous: Commissioner Ratekin's orders are void ab initio, requiring all derivative proceedings be unwound to February 4, 2021, status. With respect, binding precedent leaves no discretion in this matter - these void orders cannot stand under California law or federal due process requirements. I believe in our Judicial system and have exhausted all my state remedies to get the 9th Circuit for Justice.

12/04/24

Respectfully,

*Rob Emert*
Robert Emert

**CERTIFICATE OF SERVICE**

I certify that on 12/04/24, I electronically filed this Citation of Supplemental Authorities under FRAP 28(j) with the Ninth Circuit Court of Appeals via CM/ECF and served copies by email to:

williams@williamsiagmin.com, austin.uhler@sdcounty.ca.gov,

franciesca.balerio@sdcda.org, jbadillo_law@yahoo.com,

dschulman@msmfamilylaw.com

Dated: December 4, 2024

*Rob Emert*

Robert Emert

2351 Vista Lago Terrace Escondido, CA 92029

760-612-9328

robemert@msn.com

## CERTIFICATE OF COMPLIANCE

I certify that this letter contains 289 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This letter complies with Federal Rule of Appellate Procedure 28(j)'s 350-word limit.

12/04/24

Robert Emert

*Rob Emert*